**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

*Jose DeCasto*
*5350 Wilshire Blvd*
*PO Box 36143*
*L.A. CA, 90036*

**JOSE MARIA DeCASTRO,**
Plaintiff,

v. Case No. _____    *CV25-11981-SB(ADS)*

**CITY OF DUNCAN, OKLAHOMA;**
**SUZANNAHE SMITH,** in her individual and official capacities;
**CONNOR NEWMAN,** in his individual and official capacities;
**WILLIAM FITZHUGH,** in his individual and official capacities;
**BRIAN ATTAWAY,** in his individual and official capacities;
**DAVID HAMMOND,** in his individual and official capacities;
**DOES 1–10,** inclusive,
Defendants.



**EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER**
**AND PRELIMINARY INJUNCTION**

TO THE HONORABLE COURT AND ALL PARTIES:

Plaintiff Jose Maria DeCASTRO respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 65, for an emergency temporary restraining order and preliminary injunction. Plaintiff requests that this Court:

    1. Temporarily stay and enjoin enforcement or execution of the arrest warrant issued against Plaintiff based on Detective Suzannahe Smith's September 9, 2025 affidavit, pending hearing on preliminary injunction;

    2. Enjoin Defendants from arresting or detaining Plaintiff based on his September 8, 2025 constitutionally protected conduct;

    3. Temporarily stay further prosecution activity in Oklahoma Case No. CM-2025-539 pending resolution of Plaintiff's constitutional claims.

This motion is based on the accompanying Memorandum of Points and Authorities, the Declaration of Jose Maria DeCASTRO filed concurrently herewith, the Complaint, all exhibits attached thereto, and all matters of which this Court may take judicial notice.

2

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. JURISDICTION AND VENUE

This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343. Venue is proper under 28 U.S.C. § 1391(b)(1) and (b)(2) because Plaintiff resides in this District and suffers ongoing constitutional injury here, including chilling of speech, restriction on travel, reputational harm to his journalism practice, and interference with newsgathering activities conducted from this District.

This Court has authority to grant declaratory and injunctive relief under 42 U.S.C. § 1983, including where state criminal proceedings are pending, when recognized exceptions to *Younger* abstention apply. As shown below, this case falls squarely within the bad-faith exception.

### II. FACTUAL BACKGROUND

#### A. Plaintiff's Investigation of Officer McReynolds' Harassment of Heather Chandler

Plaintiff Jose Maria DeCASTRO is a journalist with 679,000 YouTube subscribers and 10 million monthly viewers operating the "Delete Lawz" channel. On September 8, 2025, he traveled to Duncan, Oklahoma specifically to investigate reports that Officer Darius McReynolds was systematically harassing Heather Chandler, a Duncan resident, through pretextual traffic stops.

Ms. Chandler had been pulled over three times in three months. The third stop was particularly egregious: Officer McReynolds pulled her over on her bicycle, claiming she "put her feet down to stop" instead of using brakes. Plaintiff later obtained McReynolds' dash camera footage, which refuted this justification—Ms. Chandler had not put her feet down. McReynolds fabricated the reason for the stop.

As Plaintiff stated during his livestream from Duncan PD: "This is Heather Chandler. It's the reason why we came today." He explained: "I came here from Los Angeles to try to use my reputation and my name to try to get this woman help."

#### B. Discovery of Additional Security Failures

During his investigation at Duncan PD's public parking lot on September 8, Plaintiff observed unsecured AR-15 rifles plainly visible inside multiple patrol vehicles. He documented these failures through photographs and video, tested vehicle security by attempting to open doors (all were locked), and professionally reported his findings to Major Woods. At no point did any official suggest Plaintiff's conduct was criminal or ask him to leave.

A civilian employee, Lori Adams, confronted Plaintiff's colleague and demanded she stop photographing vehicles—violating clearly established First Amendment rights under *Irizarry v. Yehia*, 38 F.4th 1282, 1295 (10th Cir. 2022) ("The First Amendment protects the right to record the police").

3

### C. Immediate Retaliation: September 9 Affidavit with Lori Adams Notarization

Within twenty-four hours—on September 9, 2025—Detective Smith signed a probable cause affidavit seeking Plaintiff's arrest. The affidavit was notarized by Lori Adams, the same Duncan PD employee who had confronted Plaintiff's colleague the day before. Within twenty-four hours of demonstrating hostility toward Plaintiff's First Amendment activity, Lori Adams notarized the affidavit that would be used to charge Plaintiff for that same activity—a clear violation of Oklahoma notary law requiring impartiality. 49 O.S. § 1(A).

But Defendants did not file these charges on September 9. They held them for three months.

### D. The Strategic Delay and Triggering Event

In October 2025, Plaintiff's investigation expanded to include the arrest of Anthony Lee McAdams, a mentally ill man who appeared to be experiencing a crisis when Duncan police used baton strikes and K-9 deployment. The investigation raised questions about City Attorney David Hammond's conflict of interest—Hammond reportedly represents both the City of Duncan and Mr. McAdams in his criminal case.

On October 4, 2025, Plaintiff filed public records requests seeking information about the McAdams case and Hammond's dual representation. Only then did Defendants deploy their weapon.

On December 10, 2025—three months after the September 9 affidavit, two months after the October 4 FOIA request—Defendants filed charges using the three-month-old affidavit. The timeline reveals the motive:

- September 8: Investigation exposes McReynolds harassment + security failures
- September 9: Smith signs affidavit; Lori Adams notarizes despite conflict
- October 4: Public records request about McAdams case
- December 10: Charges filed using September 9 affidavit

## III. LEGAL STANDARD

A plaintiff seeking a temporary restraining order must demonstrate likelihood of success on the merits, likelihood of irreparable harm, that the balance of equities tips in his favor, and that an injunction serves the public interest. *Winter v. NRDC*, 555 U.S. 7, 20 (2008).

## IV. YOUNGER ABSTENTION DOES NOT APPLY

Although state criminal proceedings are pending, abstention is inappropriate where prosecution is brought in bad faith or for purposes of harassment. *Younger v. Harris*, 401 U.S. 37, 54 (1971); *Dombrowski v. Pfister*, 380 U.S. 479 (1965).

Here, the prosecution was initiated in retaliation for Plaintiff's investigation of Officer McReynolds' harassment of Heather Chandler and with no reasonable expectation of a valid conviction. Detective Smith prepared the affidavit one day after Plaintiff's September 8 investigation, Lori Adams notarized it despite her conflict of interest, Defendants held it for three months, and filed it only after Plaintiff's October 4 FOIA requests about the McAdams

4

case and Hammond's conflict. Such calculated use of the criminal process to deter protected speech and suppress investigation of corruption fits squarely within the bad-faith exception.

## V. LIKELIHOOD OF SUCCESS ON THE MERITS

### A. First Amendment Retaliation

Plaintiff engaged in core First Amendment activity: investigating Officer McReynolds' pattern of harassment through fabricated traffic stops, observing and documenting police conduct in a public place, testing security measures, reporting security failures to department leadership, and filing public records requests about the McAdams case and Hammond's conflict.

The Tenth Circuit—governing Oklahoma—has held: "The First Amendment protects the right to record the police." *Irizarry v. Yehia*, 38 F.4th 1282, 1295 (10th Cir. 2022). See also *Glik v. Cunniffe*, 655 F.3d 78 (1st Cir. 2011); *Fordyce v. City of Seattle*, 55 F.4th 436 (9th Cir. 2022).

Criminal prosecution for this activity would chill a person of ordinary firmness from continuing such journalism. The evidence of retaliatory motive is compelling: immediate preparation of charges (September 9, one day after investigation), Lori Adams's notarization despite her demonstrated hostility on September 8, strategic three-month delay, triggering event (October 4 FOIA requests about McAdams/Hammond), and complete absence of probable cause. *Nieves v. Bartlett*, 139 S. Ct. 1715 (2019).

### B. Fourth Amendment Violations

No probable cause exists under 21 O.S. § 1787. Plaintiff did not enter any vehicle, manipulate any controls, or attempt to steal any vehicle. Testing door handles to verify security while conducting an investigation into officer harassment and security failures is journalism, not attempted vehicle theft. His openly stated journalistic purpose—investigating McReynolds' harassment of Ms. Chandler and documenting security failures—negates criminal intent.

Material omissions in the affidavit render it constitutionally infirm under *Franks v. Delaware*, 438 U.S. 154 (1978). Detective Smith omitted: Plaintiff's identity as a journalist with 679,000 subscribers, his stated purpose investigating McReynolds' harassment, his open identification to Major Woods, his report of security failures, and complete absence of criminal intent. Additionally, the affidavit is procedurally defective because Lori Adams—who had demonstrated hostility toward Plaintiff's activity on September 8—violated Oklahoma's notary impartiality requirements by notarizing charges against him on September 9.

### VI. IRREPARABLE HARM

Plaintiff faces an active arrest warrant executable at any time. The arrest warrant is currently active and executable at any time. Plaintiff faces immediate risk of arrest or extradition without notice, preventing him from traveling to Oklahoma to continue investigating Officer McReynolds' harassment of Ms. Chandler, the McAdams case, or Hammond's conflict of interest.

The ongoing prosecution suppresses Plaintiff's First Amendment activity and causes reputational harm that cannot be remedied by damages. Loss of First Amendment freedoms constitutes irreparable injury as a matter of law. *Elrod v. Burns*, 427 U.S. 347, 373 (1976).

## VII. BALANCE OF EQUITIES

Defendants have no legitimate interest in enforcing an unconstitutional warrant or continuing a retaliatory prosecution designed to suppress investigation into Officer McReynolds' harassment and City Attorney Hammond's conflict of interest. Plaintiff seeks only to preserve the status quo that existed for three months before Defendants activated the criminal process. Defendants waited from September 9, 2025 until December 10, 2025 to file charges, demonstrating no urgency in law enforcement. The equities tip sharply in Plaintiff's favor.

## VIII. PUBLIC INTEREST

It is always in the public interest to prevent constitutional violations. *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012). Granting relief protects journalists investigating police harassment and corruption, deters official retaliation against those who expose misconduct, and preserves public confidence in the rule of law.

## IX. RULE 65 NOTICE AND BOND

Plaintiff seeks ex parte relief because the arrest warrant is active and executable at any time, creating immediate risk of arrest before Defendants can be heard. Fed. R. Civ. P. 65(b). Plaintiff will promptly serve Defendants if relief is granted.

No bond should be required, or only a nominal bond set, because this action seeks to enjoin unconstitutional government conduct and Defendants will suffer no monetary harm. Fed. R. Civ. P. 65(c).

## X. CONCLUSION

Plaintiff has demonstrated likelihood of success on First Amendment retaliation claims (investigating Officer McReynolds' harassment of Heather Chandler, documenting security failures, filing FOIA requests about McAdams case and Hammond's conflict), Fourth Amendment malicious prosecution claims (no probable cause, material omissions, procedurally defective notarization by Lori Adams), irreparable harm (active arrest warrant, suppressed investigation, chilled speech), favorable equities (Defendants waited three months before filing), and strong public interest (protecting journalists who investigate police harassment and corruption).

This Court should issue a temporary restraining order staying enforcement of the arrest warrant and further prosecution activity pending a prompt hearing on preliminary injunction.

In the alternative, if the Court declines to grant ex parte relief, Plaintiff respectfully requests that the Court schedule an immediate hearing on this motion for preliminary injunction within the shortest time practicable.

6

Dated: December 18, 2025

Respectfully submitted,

JOSE MARIA DeCASTRO, Pro Se
5350 Wilshire Blvd, PO Box 36143
Los Angeles, California 90036
Telephone: (310) 963-2445
Email: chille@situationcreator.com