UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MARIA DECASTRO,<br><br>　　　Plaintiff,<br><br>v.<br><br>CITY OF DUNCAN, OKLAHOMA et al.,<br><br>　　　Defendants. | Case No. 2:25-cv-11981-SB-ADS<br><br>ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER |

Plaintiff, a Los Angeles journalist with numerous YouTube subscribers and viewers, traveled to Duncan, Oklahoma to investigate a Duncan, Oklahoma officer's alleged harassment of a Duncan, Oklahoma resident. Dkt. No. 1 at 1–2. In Oklahoma, Plaintiff observed unsecured rifles in patrol vehicles and decided to document his observation through photographs and video recordings. *Id.* at 4–5. He also "tested whether vehicle doors were locked by attempting to open them." *Id.* at 5. A few months later, the local district attorney's office in Oklahoma charged Plaintiff with violating Oklahoma criminal law. Okla. Stat. Ann. 21, § 1787 (making it "unlawful for any person or persons to loiter in or upon any automobile or motor vehicle" or "to manipulate or meddle with any machinery or appliances thereof without the consent of the owner").

In response, Plaintiff filed this civil rights lawsuit in the Central District of California against the City of Duncan, several Duncan police officers, and the Duncan City Attorney challenging his arrest and prosecution. Dkt. No. 1. He also filed an "emergency motion for temporary restraining order and preliminary injunction," seeking to enjoin "enforcement of the arrest warrant and further prosecution activity[.]" Dkt. No. 2. at 5. The motion is procedurally and substantively deficient.

Procedurally, Plaintiff does not state that he has served or attempted to serve any defendant with the application, nor does he make any showing why notice should not be required. *See* Fed. R. Civ. P. 65(b)(1) ("The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if . . . the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."). Moreover, Plaintiff traveled to Oklahoma to conduct business investigating a local police department in that state. He has now sued numerous defendants in their individual and official capacities without showing that there is personal jurisdiction to proceed against them in California or that venue is appropriate here.

Substantively, Plaintiff fails to demonstrate a likelihood of success or even a serious question on the merits. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1190 (9th Cir. 2024). Under *Younger v. Harris*, federal courts generally abstain from enjoining state prosecutions under 42 U.S.C. § 1983. 401 U.S. 37, 43–45 (1971); *Green v. City of Tucson*, 255 F.3d 1086, 1094 (9th Cir. 2001) (citing *Younger* and "reiterat[ing] longstanding public policy against federal court interference with state court proceedings") (cleaned up). *Younger* created a limited exception for bad-faith prosecutions. 401 U.S. at 47–49. "In the *Younger* abstention context, bad faith generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction." *Baffert v. California Horse Racing Bd.*, 332 F.3d 613, 621 (9th Cir. 2003) (cleaned up).

Here, Plaintiff acknowledges that his § 1983 claims challenging his arrest and prosecution satisfy the *Younger* requirements for abstention but argues that the bad-faith exception applies. His bad-faith claim, however, is largely conclusory and based on the same claims underlying his First and Fourth Amendment challenges. The Ninth Circuit has emphasized that the *Younger* exception is "narrow" and should not be read as broadly as to swallow the rule. *Yelp Inc. v. Paxton*, 137 F.4th 944, 952 (9th Cir. 2025). "A core premise of *Younger*, we must remember, is that defenses to the state court action, including constitutional defenses, may be raised in state court." *Id.* Applying this principle, the Ninth Circuit concluded that the bad-faith exception does not apply merely because a plaintiff argues that the "state enforcement action is weak, meritless, or even unconstitutional." *Id.* This is all Plaintiff does here. Thus, his claims are barred by *Younger*. *See id.* (affirming dismissal based on *Younger* abstention).

Accordingly, the application for a temporary restraining order and the alternative request for an immediate hearing on his motion for a preliminary

injunction are denied.  Plaintiff is ordered, by December 30, 2025, to file either (a) a status report indicating whether he intends to prosecute this civil lawsuit in light of this ruling and, if so, the status of his service of the summons and complaint on each defendant; or (b) a notice of dismissal (if he intends to dismiss).  Failure to timely comply may result in dismissal.


Date: December 22, 2025

_____
Stanley Blumenfeld, Jr.
United States District Judge