JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MARIA DECASTRO,<br><br>          Plaintiff,<br><br>  v.<br><br>CITY OF DUNCAN, OKLAHOMA et al.,<br><br>          Defendants. | Case No. 2:25-cv-11981-SB-ADS<br><br><br>ORDER TRANSFERRING ACTION TO WESTERN DISTRICT OF OKLAHOMA |

    The Court previously denied Plaintiff's application for a temporary restraining order because he: (1) failed to show that personal jurisdiction or venue were proper in this district; and (2) did not demonstrate a likelihood of success on his civil rights claims under *Younger v. Harris*, 401 U.S. 37 (1971). Dkt. No. 8. The Court also ordered Plaintiff to disclose by December 30, 2025 whether he intends to prosecute the action. Plaintiff timely filed a status report stating that he intends to prosecute the action and requesting to transfer the action to the Western District of Oklahoma. Dkt. No. 9.

    "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see Nelson v. Int'l Paint Co.*, 716 F.2d 640, 643 (9th Cir. 1983) (transfer under § 1406(a) is proper to cure lack of personal jurisdiction). Here, Plaintiff acknowledges that venue is improper in this district because "[a]ll defendants reside in Oklahoma," "[a]ll events occurred in Duncan, Oklahoma," and "[n]o defendant has minimum contacts with California sufficient to establish personal jurisdiction." Dkt. No. 9 at 1. In addition, transfer is in the interests of justice because it will be more efficient and less costly for Plaintiff. Plaintiff's

request is therefore granted, and the action is TRANSFERRED to the Western District of Oklahoma.

Date: January 6, 2026

                                                Stanley Blumenfeld, Jr.
                                              United States District Judge